IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11-cv-37

| | |
|---|---|
| J&P DICKEY REAL ESTATE FAMILY LIMITED PARTNERSHIP, a Georgia Limited Partnership; and JERRY L. DICKEY and wife, P-NUT DICKEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., a Delaware Corporation, f/k/a Litton Systems, Inc.; and MOOG INC., a New York corporation, successor by merger to Moog Components Group Inc.,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* to ascertain subject matter jurisdiction.

The defendants removed this action from state court based upon diversity jurisdiction (#1). In the Complaint, plaintiffs' allege that "Plaintiff J&P Dickey Real Estate Family Limited Partnership (hereinafter, 'J&P') is a Georgia Limited Partnership owning property in Cherokee County, North Carolina". Complt. ¶ 1. Plaintiff does not allege the names and addresses of all of the partners, either general partners or limited partners. Defendants removed the plaintiffs' Complaint

from state court and allege as follows: "Upon information and belief, the plaintiff, J&P Dickey Real Estate Family Limited Partnership ('J&P') is and at all relevant times has been, either a citizen of Georgia, as plaintiffs assert, or a citizen of North Carolina where Jerry and P-Nut Dickey-the likely, though unidentified- members of the partnership live."

Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so.  Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), *certiorari denied* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Citizenship of a limited partnership is determined by considering citizenship of all of its partners, both general and limited, New York State Teachers Retirement System v Kalkus, 764 F.2d 1015 (4th Cir. 1985),  Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).  Plaintiffs did not disclose in their Complaint  where the constituent members or partners of the plaintiffs reside or have their citizenship nor have defendants disclosed in their Notice of Removal the names and citizenship of the general and limited partners and the parties will be required to do so.

# ORDER

**IT IS, THEREFORE, ORDERED** that on or before **November 9, 2011**, the plaintiffs and defendants shall file a response disclosing the names and citizenships, if any, of all the constituent partners of J&P Dickey Real Estate Family Limited Partnership, a Georgia Limited Partnership, that being all of the general and limited partners of the partnership, and, for any such constituent members or partners that are limited liability companies or partnerships, to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

Signed: October 19, 2011

Dennis L. Howell
United States Magistrate Judge